**SHAW, Banking Com'r, v. BELL.**

**No. 9142.**

Court of Civil Appeals of Texas. San Antonio.

Oct. 18, 1933.

Jno. W. Goodwin and Joe T. Goodwin, both of Austin, for appellant.

S. B. Carr, of Floresville, for appellee.

FLY, Chief Justice.

This suit was instituted by appellant, who is the banking commissioner of the state of Texas, on a note in the sum of $2,000, of date July 9, 1930, executed by the appellee to the First State Bank of Stockdale, Tex., payable January 1, 1931. Appellee pleaded non est factum and payment of the note. The cause was submitted to the jury on special issues, and on the responses thereto judgment was rendered that appellant take nothing by his

suit. The evidence showed that on September 28, 1931, the doors of the bank were closed and its assets taken possession of by appellant. The note upon which suit was brought was found among the papers of the defunct bank. Appellee pleaded and proved that he did not execute a note for any sum to the bank on the date indicated on said note, but admitted that either in the latter part of December, 1929, or the early part of January, 1930, he had executed a note for $2,000, payable to the bank. He admitted that the signature to the note was his, and that the note was the same as that executed by him with the exception of the date. He swore, however, that he had given the note for certain stock in the bank, which was delivered to him by Morris Gouger, the president of the bank, and who claimed to own the stock. Payment of the note was made in September, 1930, but the note was not delivered to appellee because Gouger stated it was in the National Bank of Commerce of San Antonio, and that he would get it and give it to appellee. Several times afterwards he asked Gouger for the note, but was each time told that he had not received it from San Antonio. Appellee further swore that he did owe the bank a debt of $500, which was evidenced by a note for that amount, and which was fully paid off and discharged by him. Appellee stated that he did not owe the bank $2,000; that the note was given in payment of stock bought by him from Morris Gouger, president of said bank. The jury found the material issues presented by this testimony to be true, and returned a verdict that appellant recover nothing by his suit. They also found that the date of the note had been changed from its real date to July 9, 1930, without the knowledge and consent of appellee.

It is clear from the testimony that the bank could not legally and did not attempt to sell appellee any stock in the bank. Such a transaction would have been illegal, as the bank could not own or sell its own stock.

Gouger sold the stock to appellee, and agreed at the time the note was given that it might be paid off at any time during the year, 1930, by a return of the stock. It was returned and accepted by Gouger as payment of the note, and at the time the stock was delivered to Gouger he stated to appellee that he would return the note to him as soon as he could get it back from San Antonio. It was never returned to appellee, but was found among the papers of the bank after its failure and after appellant had taken possession of its assets. The testimony fails to indicate that anything of value was obtained from the bank by appellee. On the other hand, the evidence tends to show that appellee received nothing but the stock, and shows beyond a doubt that the stock did not belong to the bank. The bank parted with nothing of value in consideration of the execution of the note.

It might be surmised that Gouger obtained the $2,000 from the bank and obtained the note and placed it in the bank in order to repay the sum he had appropriated. This, however, would be mere surmise, because there is not one word of testimony to show that the bank paid anything whatever for the note. The evidence shows that, in compliance with the contemporaneous agreement that the stock could be returned to Gouger at any time during the year 1930, the stock was returned by appellee, and Gouger accepted it in payment of the note. Gouger was president of the bank, and, if he had the authority to make the contract to sell the stock to appellee, he undoubtedly had the right to accept the return of the stock, as he had agreed to do. No reason is offered for making the note payable to the bank, and every reason that is offered must be based on hypothesis and imagination.

We conclude that the evidence sustains the findings of the jury, and the judgment will be affirmed.